Thompson, J.
delivered the opinion of the court. It is submitted to this court to determine whether, from the facts found by the special verdict, the plaintiff is entitled to recove!'? Two questions appear to present themselves': 1. AYhether the judgment must be considered as standing against Joshua Pell the elder, or against Joshua Pell the lessor of the plaintiff; and, 2. The legal operation of that judgment on the premises in question. We think the judgment must be considered as standing against the lessor of the plaintiff. It is expressly found, by the special verdict, that he was the person intended, and the only variance complained of is the omission of the addition of junior to his name. Notice was given, pursuant to the directions of the act, to appear and traverse the indictment; this was enough to put the *lessor of the plaintiff on inquiry. He should have appeared and traversed the indictment, and then made the objection. It is now too late. In the case of Jackson ex dem St. Croix, v. C. & I. Sands, decided in this court, in April term, 1801, proceedings under this statute were considered analogous to convictions by bill of attainder,'and with respect to the description of the persons convicted, were construed with more liberality than ordinary judicial proceedings; that the identity of the person attainted was matter of fact, triable in a collateral issue, and that an incomplete description of him was not fatal. The finding of the jury, therefore, in the present case, must be conclusive, as to the indemnity of the person. The next question, then, will be as to the operation of such judgment *166 upon the premises in question. It appears that the lessor of the plaintiff derived his title by descent from his father, who died on the 31st day of July, 1801. The indictment was found in November, 1780, but judgment was not rendered until the year 1782. which was subsequent to the time when the lessor of the plaintiff acquired his title; and the act under which these proceedings were had, declares the forfeiture to attach upon all the estate which the person had at the time of conviction. By this conviction, then, the premises became forfeited, and the title to the same vested in the people of this state, which title has since been, iu due form of law, conveyed to the defendant. We are therefore of opinion that the defendant is entitled to judgment.
Judgment for the defendant.