IN THE

## *SUPREME COURT OF JUDICATURE*

OF THE

## STATE OF NEW-YORK,

IN MAY TERM, IN THE THIRTY-SECOND YEAR
OF OUR INDEPENDENCE.

---

Jackson, *ex dem.* Williams and others, *against* Stokes and Thompson.

THIS was an action of ejectment for lands in the county of *Ulster.* On the trial it was admitted, that *Daniel Clarwater's* attainder should be evidence of the attainder of *Jacob Clarwater* on the day stated in the record; and that the lessors of the plaintiff, were the heirs at law of the said *Jacob.* That *Jacob Clarwater* died within the *British* lines in *June,* 1777. That the indictment against him for adhering to the enemies of this state, founded upon the act of attainder of the 22d day of *October,* 1779, was presented on the 5th of *May,* 1780, by the grand jury of *Ulster,* and the offence was charged therein to have been committed by him, on the 15th day of *April,* 1777. That 1799, for an offence charged to have been committed on the 15th of *April,* 1777, and being convicted, judgment was signed the 14th *July,* 1783, and his estate forfeited and sold. In an action of ejectment, brought against persons deriving title under the sale by the commissioners of forfeitures, it was held, that the proceedings were regular, according to the act, and were not now to be questioned, and that the judgment on the attainder was valid and effectual.

*A person who removed within the British lines during the American war, and died there in June, 1777, was presented by the grand jury and indicted the 5th May, 1780, under the act of attainder of the 22d October,*

NEW-YORK,
May, 1808.

Jackson
v.
Stokes and
Thompson.

judgment on the indictment was signed *July* 14, 1783; and that the defendant derived title under the commissioners of forfeitures. A verdict was taken for the plaintiff, subject to the opinion of the court, upon the above case.(*a*)

*L. Elmendorf*, for the plaintiff.

*Sudam*, for the defendant.

KENT, Ch. J. delivered the opinion of the court. The convictions under the act of 1779, of deceased persons, were out of the ordinary course of practice, and cannot be tested by ordinary rules. They were in the nature of bills of attainder; and the legislature most clearly intended, that the convictions and forfeitures under the act, should apply as well to offences committed prior, as subsequent to the passing of the law. In giving each part a construction, the whole act is to be taken together. Its object is declared to be the forfeiture and sale of the estates of persons who had adhered to the enemy, and many persons were by name, *ipso facto*, convicted and attainted of an antecedent offence. The formality of an indictment and notice, in the case of a deceased person, was a substitute for the specification of the name of such person in the statute, and was attended with equal effect in respect to the forfeiture

(*a*) The act of attainder of *October* 22d, 1779, made it lawful for grand jurors to prefer bills of indictment, against persons who should at the time be deceased, for the offence of adhering to the then enemies of this state, committed by such persons, in their life-time; and that it should be no objection that the offence was committed out of the county in which the indictment should be found; that upon notice being given, according to the form prescribed in the act, and a neglect to appear, the defendants, whether in full life or deceased, should be deemed guilty, and should forfeit their estates and such forfeitures should affect the estates whereof the defendants were seised, at the time of their deaths, respectively, and the estates should vest in the people of this state, at and from the day charged in the indictment, most distant from the day of the taking thereof. The act further declared, that being at any time since the 9th day of *July*, 1776, within and under the government of the *United States*, and afterwards voluntarily withdrawing within the *British* lines, was evidence of the offence, for which every such person might be indicted and convicted in pursuance of the act.

of his estate. The conviction, in order to save the rights and prerogative of the state, was made to have relation back to the death of the person convicted; and as the prosecution was made to apply to offences committed prior to the passing of the act, so it was immaterial whether the offender was alive or dead upon that day. The law declares, that the indictment and conviction, shall be equally operative whether the defendant was dead or in full life. The proceeding in question is to be resolved into the plenitude of legislative authority, and we have only to inquire what was the real intent and meaning of the law. The constitution authorised the legislature to pass bills of attainder for crimes committed during the revolutionary war.

We are of opinion, therefore, that the title derived from the state is valid, and that judgment must be rendered for the defendants.

Judgment for the defendants.*